1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELENDEZ,

                        Plaintiff,

        v.

GULF VESSEL MANAGEMENT, INC.,

                 Defendant.

Case No. C09-1100 MJP

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

       This matter comes before the Court on a motion to compel discovery by Defendant Gulf

Vessel Management, Inc. ("GVM").  Having reviewed the motions, Plaintiff's response (Dkt.

No. 21), the reply (Dkt. No. 23), and all attached declarations and exhibits, the Court GRANTS

IN PART and DENIES IN PART the motion.

**Background**

       Plaintiff Melendez sustained back, knee and chest wall injuries during his employment on

Defendant GVM's boat.  (Dkt. No. 1 at 3.)  GVM served Melendez with interrogatories and

requests for producing medical, wage, and trial expert information.  One interrogatory asked for

the names and addresses of all medical providers who treated Melendez in the last ten years, to

which Melendez objected as overly broad, harassing, and irrelevant.  (Buhler Decl., Ex. 2.)

GVM also sent a medical records release to Melendez which he refused to authorize.  (Id., Ex.

A.)  Another interrogatory asked for information on Melendez's rate of pay during the last seven years, to which Melendez did not answer.  (<u>Id.</u>, Ex. 2.)   Melendez objected to GVM's request to produce copies of his wage and tax records, after providing in his initial disclosures only three checks and one crew settlement sheet for his earnings history over the past five years.  (<u>Id.</u>, Ex. 1.)  Melendez also objected to GVM's requests to produce trial expert materials.  (<u>Id.</u>, Ex. 3.)

**Analysis**

A.     <u>Medical Information from Last Ten Years</u>

Parties can obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevant matters are those that either bear on or can reasonably lead to another matter that can bear on an issue that is or may be in the case.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  A party resisting discovery must show either lack of relevancy or undue burden for each discovery request it opposes, so that the information sought does not come within the broad scope of relevancy or is of such marginal relevance that the potential harm incurred by discovery would outweigh the presumption in favor of disclosure.  <u>Schultz v. Olympic Med. Ctr.</u>, No. Case No. C07-5377 FDB, 2008 U.S. Dist. LEXIS 80848 (W.D. Wash. Aug. 22, 2008).

Both the identities of all medical providers who treated Melendez in the last ten years and the medical records from those providers are relevant.  Melendez's claims put his physical condition, mental health, and earning capacity at issue.  Pre-existing medical conditions can impact those claims.  Furthermore, GVM's request for medical information from only the last ten years negates Melendez's concerns about handing over a "lifetime of medical history" that may not be wholly relevant. (Pltf's Opp.Br. at 5.)

The requested information is not shielded from discovery under a physician-patient privilege.  There is no federal physician-patient privilege that bars a defendant from obtaining medical records.  <u>See</u> <u>Gilson v. Evergreen at Talbot Rd. L.L.C.</u>, No. C04-02126C, 2005 U.S. Dist. LEXIS 41152 (W.D. Wash. Nov. 1, 2005) (citing <u>Whalen v. Rose</u>, 429 U.S. 589 (1977)).

Melendez contends that the Court should not compel discovery of the requested medical information through a medical records release. Melendez asserts that GVM should ask for the information through a Fed. R. Civ. P. 34 request, so that Melendez could first request the information from his providers and then share only those records that are relevant and unprivileged. (Pltf's Opp.Br. at 7.) Melendez, however, does not demonstrate why the Western District of Washington should change its practice of authorizing medical records releases. See Gilson, 2005 U.S. Dist. LEXIS 41152 (ordering plaintiff to execute a medical records release to defendant seeking discovery). See also Nuskey v. Lambright, 251 F.R.D. 3, 8 (D.D.C. 2008) ("Courts regularly order plaintiffs to sign authorizations for the release of medical information from health care providers where . . . those records are relevant to the plaintiff's claims.")

GVM is entitled to discovery of the identities of all medical providers who treated Melendez in the last ten years and the medical records from those providers through a medical records release.

B.   Wage and Tax Records from Last Five Years

"Tax returns do not enjoy an absolute privilege from discovery" in the Ninth Circuit. Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). Tax returns are subject to discovery if they are relevant and there is a compelling need for the returns because their information is not otherwise readily attainable from an alternative source. Sneller v. City of Bainbridge Island, No. 07-05338 RBL, 2008 U.S. Dist. LEXIS 83573 (W.D. Wash. Oct. 7, 2008). The party seeking discovery has the burden of showing relevancy, while the party resisting discovery has the burden of identifying the alternative source of information. Terwilliger v. York Int'l, 176 F.R.D. 214, 218 (W.D.Va. 1997).

The wage and tax information that GVM seeks from the last five years is relevant to Melendez's claims because they relate to Melendez's alleged earnings loss from the time of his accident. However, Melendez claims that the Court should not compel discovery of his wage and tax records because this information is available from other sources. (Pltf's Opp.Br. at 4.)

1   Melendez suggests that GVM depose Melendez on his prior earnings and employment history,

2   issue a subpoena for his earnings records, or use interrogatories and other written discovery

3   requests to obtain the information.  (Pltf's Opp.Br. at 5.)  But GVM has already sent Melendez

4   an interrogatory about his rate of pay during the past seven years, to which Melendez did not

5   respond.  (Buhler Decl., Ex. 2.)  Melendez has also provided only three checks and one crew

6   settlement sheet to establish his earnings history over the last five years.  (Id., Ex. 1.)  Melendez

7   had a chance to provide the requested information through alternative means, but did not do so.

8       GVM is entitled to discovery of Melendez's tax and wage records from the last five

9   years.

10  C.    Trial Experts' Materials

11      Fed. R. Civ. P. 26(a)(2)(B) requires the disclosure of written reports from a party's

12  witnesses only if they are retained or specially employed to provide expert testimony at trial or if

13  their duties regularly involve giving expert testimony.

14      GVM's requests for the documents reviewed by Melendez's testifying experts, the draft

15  reports from all of his trial experts, and the files from all of his trial experts are premature.  The

16  Court expects the parties to comply with Fed. R. Civ. P. 26(a)(2)(B) when the disclosure of

17  testifying expert reports is due on July 2, 2010.  (Dkt. No. 18 at 2.)

18      GVM is not entitled to discovery of the requested trial expert materials at this time.

19                                    **Conclusion**

20      The Court GRANTS the motion to compel discovery of the identities of all medical

21  providers who treated Melendez in the last ten years and the medical records from those

22  providers, as this medical information is both relevant and nonprivileged.  The Court also

23  GRANTS the motion to compel discovery of Melendez's tax and wage records from the last five

24  years because this tax and wage information is relevant and because Melendez did not provide

25  this information through alternative means.  Documents and releases are to be provided within

26  seven days of this order.

ORDER GRANTING IN PART AND DENYING IN PART                    CASE NO. C09-1100 MJP
DEFENDANT'S  MOTION TO COMPEL DISCOVERY - 4

1       The Court DENIES the motion to compel discovery of the documents reviewed by

2   Melendez's testifying experts, the draft reports from all of his trial experts, and the files from all

3   of his trial experts, because this request for trial expert materials is premature.

4       The Clerk shall transmit a copy of this Order to all counsel of record.

5       Dated this 1st day of July, 2010.

6

7

8

9                     Marsha J. Pechman
                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN PART                  CASE NO. C09-1100 MJP
DEFENDANT'S  MOTION TO COMPEL DISCOVERY - 5